■ LILLIAN ROBB, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant.—In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, defendant New York City Housing Authority appeals from an order of the Supreme Court, Queens County, dated March 1, 1978, which granted the application. Order affirmed, with $50 costs and disbursements. Plaintiff's time to file a late notice of claim with the appellant is extended until 15 days after service upon her of a copy of the order to be entered herein with notice of entry thereof. Section 50-e of the General Municipal Law requires, *inter alia,* that a claimant file a notice of claim in any tort action against the New York City Housing Authority, if the claimant desires to proceed

against the said authority. This notice must be filed within 90 days after the claim arises. Intending to bring claims against both the City of New York and the New York City Housing Authority, plaintiff filed a timely notice of claim, but only with the New York City Comptroller, apparently under the misapprehension that this was sufficient notice to both public defendants. Such is clearly not the case, however, as subdivision 2 of section 157 of the Public Housing Law clearly requires claimants to file their notices of claim directly with the Housing Authority. Not realizing his error until shortly after the 90-day limitation had expired, plaintiff's attorney immediately brought this application by order to show cause for leave to file a late notice of claim, pursuant to the provisions of subdivision 5 of section 50-e of the General Municipal Law. Special Term granted the request and we affirm. As was stated in *Matter of Matey v Bethlehem Cent. School Dist.* (89 Misc 2d 390, 394, affd 63 AD2d 807), since its amendment, subdivision 5 of section 50-e "is remedial in nature in that it was the intention to relieve some of the hardship incurred under the prior statute and, as such, is to be liberally construed." No longer need there be the harsh results encountered under the former section where unfortunate plaintiffs were forever foreclosed from the courts merely because their attorneys committed a harmless error which caused the prospective defendant no prejudice (cf. *Caveliere v New York City Tr. Auth.,* 36 AD2d 532). Under the present statute, the court is now vested with broad discretion and must take into consideration all the relevant facts and circumstances on the issue of whether to extend the time for filing a notice of claim *(Van Horn v Village of New Paltz,* 57 AD2d 642). Examining the facts at bar, we see that plaintiff's error was clearly inadvertent. Immediate steps were taken to rectify the situation upon discovery of the proper method of service. No showing of prejudice to the appellant has been made on its behalf. Therefore, in the interest of justice, this court affirms the order of Special Term granting leave to the plaintiff-claimant to file a late notice of claim. Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.