■ JOHN NORDMAN, JR., an Infant, by His Parent and Natural Guardian, JOHN NORDMAN, SR., et al., Respondents, v EAST GREENBUSH CENTRAL SCHOOL DISTRICT, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered January 29, 1979 in Rensselaer County, which granted a motion for leave to serve a late notice of claim pursuant to section 50-e of the General Municipal Law. The infant petitioner was injured on November 2, 1977 when he was struck in the right eye by a blackboard eraser thrown by another student. At the time of the injury he was 14 years of age and was enrolled in a special education program conducted by the Rensselaer-Columbia-Greene County Board of Cooperative Educational Services (BOCES), and he was assigned to attend the sixth grade at the Genet Middle School in East Greenbush, New York, which is within the East Greenbush Central School District. At the time he was injured his teacher, Ray Barrett, was standing in the hall outside the classroom. His teacher became immediately aware of the injury and he was taken to the school nurse for treatment immediately following the incident. On January 31, 1978, a notice of claim was served on BOCES. On October 16, 1978, petitioners commenced an action against BOCES and the teacher who was named in the action as "Ruth" Barrett. On November 15, 1978, petitioners' attorney received a letter advising them that the attorneys for BOCES would be appearing on behalf of BOCES and Barrett. This was confirmed by a letter from the attorney for East Greenbush Central School District dated November 14, 1978. Upon receipt of this letter petitioners became aware of the fact that Barrett was employed by the East Greenbush Central School District and not by BOCES. On December 22, 1978, the attorneys for BOCES informed petitioners' attorney that they would not be defending Barrett, but would be asserting a cross claim against him. On January 16, 1979, petitioners moved for an order granting them leave to serve a late notice of claim pursuant to section 50-e of the General Municipal Law. Special Term granted the motion upon a finding "that the failure to serve a timely notice of claim was occasioned by peculiar circumstances causing excusable error concerning the identity of the public corporation against which the claim should be asserted." Special Term also found no showing of prejudice to the school district and that petitioners had acted promptly in making their application after acquiring knowledge of the interest of appellant. Respondent school district asserts that petitioners failed to present to the court sufficient evidence of a legitimate excuse for their failure to timely serve a notice of claim or to timely make application for leave to serve a late notice of claim. In *Matter of Beary v City of Rye* (44 NY2d 398, 408), the Court of Appeals determined that "the period during which late filing may be permitted is identical with the 'time limited for the commencement of an action by the claimant against the public corporation'." The time limited for the commencement of an action against a municipal corporation on a tort claim is one year and 90 days (General Municipal Law, § 50-i). The injury to the infant petitioner having occurred on November 2, 1977, and the application for leave to serve a late notice of claim having been made on January 19, 1979, the application was timely made (General Municipal Law, § 50-e, subd 5). "The court has great flexibility and discretion to grant extensions of time within which to file notice of claim provided that the extension does

not exceed the time limited for the commencement of an action" against a municipal corporation *(Matter of Wemett v County of Onondaga,* 64 AD2d 1025, 1026). Here the school district does not assert prejudice and does not assert lack of notice of the injury. The reason for late filing is shown to be an error in the identity of the public corporation against which the claim should have been brought, which is a basis for granting leave to serve a late claim specified in the statute. The contention of the school district is that the petitioners should have known that the school district was the proper party and not BOCES, but no explanation is given as to why both the school district and BOCES waited until November 14, 1978 to apprise petitioners' attorney of this fact. Under the circumstances, we find no reason to disturb the discretion of Special Term. Order affirmed, without costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.