■ In the Matter of TIMOTHY C. MORRIS, Appellant, v COUNTY OF SUFFOLK, Respondent. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, petitioner appeals (1) from an order of the Supreme Court, Suffolk County (Jaspan, J.), dated November 18, 1980, which denied the application and (2) from so much of a further order of the same court, dated January 26, 1981, as, upon granting reargument, adhered to the original determination. Appeal from the order dated November 18, 1980 dismissed as academic, without costs or disbursements. Said order was superseded by the order granting reargument. Order dated January 26, 1981, affirmed, insofar as appealed from, without costs or disbursements. On January 13, 1980, petitioner, the owner and operator of a 1970 Dodge, was involved in a one-car collision on Old Nichols Road, which lies at the boundary between the Towns of Islip and Smithtown in Suffolk County. Thereafter, the towns were served with timely notices of claim which alleged negligence in the failure to adequately maintain the road. In response to the complaint served by petitioner's passengers in their negligence action against, *inter alia,* the Town of Islip and the petitioner, the town interposed an answer containing an affirmative defense that Suffolk County was responsible for the maintenance of the road in question. Although this answer was apparently received by petitioner on or about June 23, 1980, petitioner did not serve a notice of claim on the County of Suffolk until October 14, 1980. By motion returnable November 5, 1980, petitioner made the instant application for an order permitting the late service of a notice of claim on Suffolk County on the ground that the police report filed by the Suffolk County Police Department after a prompt on-the-scene investigation had furnished the county with "actual notice" of the claim (see General Municipal Law, § 50-e, subd 5). In denying the application, Special Term asserted that the police report did not constitute actual notice to the county and that the petitioner had failed to explain the four and one-half month hiatus between the receipt of the town's answer and the instant application. Petitioner has appealed. In determining an application to extend the time to serve a notice of claim, the court should consider whether the public corporation received "actual knowledge of the essential facts constituting the claim" within 90 days after the claim arose or within a reasonable time thereafter (General Municipal Law, § 50-e, subd 5), a factor which should be accorded great weight (see *Matter of Beary v City of Rye,* 44 NY2d 398, 412; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, affd 51 NY2d 957). Here, the police report did not furnish Suffolk County with either actual or constructive notice of the petitioner's claim since the report made no mention of any defective condition in the road (cf. *Matter of Jakubowicz v Dunkirk Urban Renewal Agency,* 75 AD2d 1019; *Matter of Wemett v County of Onondaga,* 64 AD2d 1025). We cannot agree with our dissenting colleague that the error concerning the identity of the governmental entity responsible for the road's maintenance excused the delay in serving the notice of claim. While petitioner's attorney might have been more diligent in making inquiries which would have revealed the possible liability of the county (see *Farnham v State of New York,* 195 Misc 380, affd 277 App Div 1015; *Pagan v State of New York,* 31 Misc 2d 235), excuses of this nature may be accepted provided that prompt application for relief is made after discovery of the error (see, e.g., *Nordman v East Greenbush Cent. School Dist.,* 75 AD2d 958; *Robb v New York City Housing Auth.,* 71 AD2d 1000; *Matter of Gross v State of New York,* 9 AD2d 594; *Kullman v State of New York,* 46 Misc 2d 873; *Matter of Lebensfeld v State of New York,* 14 Misc 2d 936). The instant application,

however, was not made until four and one-half months had elapsed from the time petitioner was informed by the Town of Islip's answer that the county maintained the road in question. Thus, the proffered excuse is unacceptable because of the unreasonable time between discovery of the error and the application for late leave. Although the statute directs the court to consider all other relevant facts and circumstances (General Municipal Law, § 50-e, subd 5), the fact that another Justice granted late leave to the passengers is insignificant since they were infants, a factor not present in this case (see *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). Cases in which infants' actions survive while those of adults are barred are not uncommon, although most of them are in a parent-child setting (see, e.g., *Bernal v Baptist Fresh Air Home Soc.,* 275 App Div 88, affd 300 NY 486; *Francies v County of Westchester,* 3 AD2d 850). Finally, while the county has not demonstrated significant prejudice, the presence or absence of any one factor is not determinative (see *Bay Terrace Coop. Section IV v New York State Employees' Retirement System Policemen's & Firemen's Retirement System,* 55 NY2d 979). Were we to find the delay here excusable, precious little of section 50-e of the General Municipal Law would survive in this department. The application was made 10 months after the injury and four and one-half months after discovery that the county was responsible for maintenance of the road. Since we do not believe the Legislature intended its 1976 amendment of section 50-e to amount to *de facto* abolition of the section, we conclude that Special Term did not abuse its discretion by denying the application. Lazer, J. P., Gibbons and Bracken, JJ., concur.

Gulotta, J., concurs as to the dismissal of the appeal from the order dated November 18, 1980, but otherwise dissents and votes to reverse the order dated January 26, 1981, insofar as appealed from, vacate the prior order and grant the petitioner's application for leave to serve a late notice of claim, with the following memorandum: Subdivision 5 of section 50-e of the General Municipal Law allows a court to consider all of the relevant factors and exercise considerable discretion in determining whether to permit the late service of a notice of claim (*Matter of Beary v City of Rye,* 44 NY2d 398; *Matter of Somma v City of New York,* 81 AD2d 889). Moreover, the statute is said to be remedial in nature and is to be liberally construed (*Robb v New York City Housing Auth.,* 71 AD2d 1000). Notwithstanding the lack of "actual notice" to the county, there are other factors which support the grant of permission to serve a late notice of claim in this case. Thus, the court is required by statute to consider not only the presence or absence of "actual knowledge" by the municipality, but whether "the claimant [has] * * * made an excusable error concerning the identity of the public corporation against which the claim should be asserted" and whether "the delay in serving the notice [has] * * * substantially prejudiced the public corporation in maintaining its defense" (General Municipal Law, § 50-e, subd 5). In my view, the confusion over which municipality was responsible for the road's maintenance and the need to investigate Islip's disclaimer of liability excused the instant delay (see, e.g., *Nordman v East Greenbush Cent. School Dist.,* 75 AD2d 958; *Robb v New York City Housing Auth., supra*). In addition, the county has failed to demonstrate any real prejudice from the late service of the notice of claim, as an identical application on behalf of petitioner's passengers was granted in their action, and the county has now embarked upon the defense of that action on the merits. The motion court was informed of these developments on the application for leave to reargue, but, upon granting reargument, chose to adhere to its original determination. Under all of these circumstances, but especially in view of the fact that the merits of the claim of inadequate maintenance will now be

litigated against the county in the passengers' action, it is my belief that the interests of justice will best be served by permitting the petitioner to have his day in court on this issue as well. Any other result appears indefensible, and would represent an unholy exaltation of form over substance. Accordingly, I would grant the petitioner's motion.