■ JAMES LAWSON, Appellant, v JOHNS MANVILLE CORPORATION et al., Respondents. (Appeal No. 5.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.

Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ EDWARD McKEE, Appellant, v JOHNS MANVILLE CORPORATION et al., Respondents. (Appeal No. 6.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.

Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ ROBERT J. GITTERE, Appellant, v JOHNS MANVILLE CORPORATION et al., Respondents. (Appeal No. 7.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.

Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ JAMES R. GRAM, Appellant, v JOHNS MANVILLE CORPORATION et al., Respondents. (Appeal No. 8.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.

Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ MARGARET A. DUDLEY, as Executrix of PAUL E. DUDLEY, Deceased, Appellant, v JOHNS MANVILLE CORPORATION et al., Respondents. (Appeal No. 9.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.

Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ NANCY A. CROSS, as Executrix of JAMES H. CROSS, Deceased, Appellant, v JOHNS MANVILLE CORPORATION et al., Respondents. (Appeal No. 10.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.

Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amend com-

plaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ DOROTHY A. BIRTCH, as Administratrix of the Estate of RUSSELL G. BIRTCH, Deceased, Appellant, v JOHNS MANVILLE CORPORATION et al., Respondents. (Appeal No. 11.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.
   Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ FREDERICK W. BAEHRE et al., Respondents, v COUNTY OF ERIE, Appellant. — Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff Frederick Baehre was injured in July, 1981 while installing astroturf in Rich Stadium. In April, 1982 plaintiffs moved, pursuant to subdivision 5 of section 50-e of the General Municipal Law to file a late notice of claim against defendant alleging violations of the Labor Law and the Federal Occupational Safety and Health Law. In support of their motion, plaintiffs offer no excuse for failing to file a notice of claim within the applicable 90-day period (General Municipal Law, § 50-e, subd 1). They merely allege that the delay resulted in no prejudice to defendant since its employees were also on the worksite and because its violation of the Labor Law in failing to provide a safe place to work results in absolute liability, for which there is no defense. Defendant's affidavit in opposition to plaintiffs' motion repudiates their assertion that it had actual knowledge of the claim and denies that the employee specifically mentioned in plaintiffs' affidavit is a county employee. Accordingly, plaintiffs have failed to present sufficient proof that the county had actual knowledge of the essential facts constituting the claim (*Matter of Cooper v City of Rochester,* 84 AD2d 947). Furthermore, plaintiffs' contention that there is no defense to a violation of sections 240 and 241 of the Labor Law is without merit because defendant may raise the defense of comparative negligence in a claim alleging violation of subdivision 6 of section 241 (*Long v Forest-Fehlhaber,* 55 NY2d 154; *Van Slyke v Niagara Mohawk Power Corp.,* 93 AD2d 990). Defendant states in its affidavit that plaintiff Frederick Baehre's employer and any potential witnesses from the company have relocated. Defendant has, therefore, been prejudiced in its ability to investigate the incident and the working conditions under which the employer installed the astroturf. The rigors of the statutory notice requirement have been considerably relaxed by the amendment of section 50-e of the General Municipal Law permitting a broader area in which the court may exercise its discretion in granting an extension. However, plaintiff must submit competent evidence upon which the court may exercise its discretion (*Matter of Persi v Churchville-Chili Cent. School Dist.,* 72 AD2d 946, affd 52 NY2d 988). Were we to allow the filing of a late notice of claim under these circumstances wherein plaintiffs have not submitted competent proof of knowledge on the part of defendant or lack of prejudice and have not offered any justifiable excuse for the delay, "precious little of section 50-e of the General Municipal Law would survive in this department" (*Matter of Morris v County of Suffolk,* 88 AD2d 956, 957; see, also, *Matter of Heather v County of Rensselaer,* 88 AD2d 718; *Tarquinio v City of New York,* 84 AD2d 265, affd 56 NY2d 950; *Williams v Town of Irondequoit,* 59 AD2d 1049). (Appeal from order of Supreme Court, Erie County, Kuszynski, J. — file late notice of claim.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ A. J. CERASARO, INC., Respondent, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Appellant. — Judgment unanimously re-