■ RHODA BRAVERMAN et al., Respondents, v CITY OF WHITE PLAINS et al., Defendants, and COUNTY OF WESTCHESTER, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant County of Westchester appeals from an order of the Supreme Court, Westchester County (Beisheim, J.), entered April 13, 1984, which, *inter alia,* denied its motion to dismiss the complaint against it and granted plaintiffs' cross motion for leave to serve a late notice of claim.

Order reversed, as a matter of discretion, without costs or disbursements, appellant's motion to dismiss the complaint against it granted and plaintiffs' cross motion for leave to serve a late notice of claim denied.

On May 18, 1983, plaintiff Rhoda Braverman, the operator of an automobile owned by plaintiff Irving Braverman, was involved in a two-car collision. Thereafter, on November 2, 1983, defendant County of Westchester was served with a complaint alleging, *inter alia,* that the county had failed to adequately maintain the road on which the accident had occurred and that, within 90 days after the claim arose, plaintiffs had served the county with a notice of claim.

The county promptly moved to dismiss the complaint against it on the ground that a notice of claim had not been served upon it. Plaintiffs cross-moved for leave to serve a late notice of claim, alleging in pertinent part that the notice of claim was timely served, albeit improperly, by ordinary mail "and no prejudice [would] accrue to the County by the granting" of plaintiffs' cross motion. In a reply affidavit, the county challenged, *inter alia,* plaintiffs' claim that it would not be prejudiced by the serving of a late notice of claim.

Special Term denied the county's motion to dismiss the complaint as to it and granted plaintiffs' cross motion, reasoning that plaintiffs' counsel "made an honest mistake when he served his papers". We reverse.

In deciding whether the service of a notice of claim should be permitted in this case, the key factors are whether plaintiffs have demonstrated a reasonable excuse for the failure to timely serve a notice of claim; whether the county acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter and whether the delay would "substantially prejudic[e]" the county in maintaining its defense (General Municipal Law § 50-e [5]; *see, Hayden v Incorporated Vil. of Hempstead,* 103 AD2d 765; *Matter of Chatman v White Plains Hous. Auth.,* 101 AD2d 838; *Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767).

It is undisputed that plaintiffs' service of the notice of claim was not in compliance with the requirements of General Municipal Law § 50-e, and no reasonable excuse for the failure to comply with the statute has been proffered by plaintiffs.

More importantly, the record does not support findings that the county received actual knowledge of the essential facts of the claim within a reasonable time and that the failure to serve a timely notice of claim did not substantially prejudice the county in its defense of the case on the merits.

Plaintiffs' contention at Special Term that the county had actual knowledge of the defect by reason of "its contracts with utility and/or construction companies, its work permits issued and/or the fact that its agents, servants and/or employees were upon the premises daily" is unsupported by any evidence *(see, Baehre v County of Erie,* 94 AD2d 943). In addition, the police report, which was prepared by an officer of the White Plains Police Department, is insufficient to satisfy the requirement of "actual knowledge" to the county *(cf. Caselli v City of New York,* 105 AD2d 251, 256; *Tarquinio v City of New York,* 84 AD2d 265, *affd* 56 NY2d 950).

Finally, the availability of pretrial discovery does not negate any claim of prejudice. As noted, there is no evidence to support plaintiffs' contention that contractors employed by the county were working at the accident site in the area at the time of the accident.

The primary purpose of the notice requirement is to provide the public corporation with an adequate opportunity to timely and effectively investigate the circumstances surrounding the accident while information is still readily available *(see, Matter of Beary v City of Rye,* 44 NY2d 398, 412; *Adkins v City of New York,* 43 NY2d 346, 350; *cf. Caselli v City of New York, supra,* at p 252). If we were to permit the service of a late notice of claim under the circumstances herein, " 'precious little of section 50-e of the General Municipal Law would survive in this department' " *(Caselli v City of New York, supra,* at p 260, quoting from *Matter of Morris v County of Suffolk,* 88 AD2d 956, 957, *supra; see, Baehre v County of Erie,* 94 AD2d 943, *supra,* quoting from *Matter of Morris v County of Suffolk, supra).* O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.