■ GEORGE PAGAN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In an application for leave to serve a late notice of claim upon the respondent New York City Housing Authority pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Queens County (Graci, J.), dated December 12, 1989, which granted the application.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the application is denied.

George Pagan, a New York City firefighter, claimed that on March 5, 1989, at about 5:00 P.M., he suffered personal injuries in the scope of his duties as a result of the negligent maintenance of premises located at 40-06 12th Street in Long Island City. Pagan filed a "Member Injury Report" with the New York City Fire Department, and, on May 9, 1989, served a notice of claim upon the City of New York. The notice of claim stated that the City of New York had failed, *inter alia,* "to correct and repair portion of the stairway and landing between the 3rd and 4th floors which was covered with debris and wet foreign substances". After an investigation, the City of New York, through the Comptroller's office, disallowed the claim, by notice dated May 18, 1989, stating: "Your claim has been disallowed. Your claim was improperly served on the City of New York. The proper agency to serve is New York City Housing Authority (N.Y.C.H.A.)". However, due to inadvertence, the envelope containing this notice was mailed on June 9, 1989, six days after the expiration of the 90-day period in which to file a timely notice against the New York City Housing Authority (hereinafter the Authority), a separate entity from the City of New York.

An application for leave to serve a late notice of claim against the Authority was commenced in September 1989. By order dated October 27, 1989, the Supreme Court, Queens

County, denied the petitioner's application "without prejudice to renewal upon proper papers which shall * * * include an explanation for his delay in seeking this relief as well as copies of any accident or incident reports prepared at the time of the happening of the event".

Pagan renewed his motion, and by order dated December 12, 1989, the Supreme Court, Queens County, granted the application.

The Supreme Court improvidently exercised its discretion in granting the petition.

This court has held that in "deciding whether leave to file a late notice of claim should be granted, the key factors are whether the petitioner has demonstrated a reasonable excuse for failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose (General Municipal Law § 50-e [1]) or a reasonable time thereafter and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits" *(Matter of Perry v City of New York,* 133 AD2d 692, 693; *see also, Braverman v City of White Plains,* 115 AD2d 689, 690).

We note initially that Pagan failed to indicate what steps, if any, he had taken to ascertain the true owner of the subject premises. Moreover, even after being advised in early June 1989 that the Authority, and not the City of New York, was the true owner of the premises, he waited another three months, again without adequate explanation, to make this application against the Authority *(see, Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767; *Matter of D'Andrea v City of Glen Cove Pub. Schools,* 143 AD2d 747, 748; *cf., Robb v New York City Hous. Auth.,* 71 AD2d 1000). Nor did Pagan's "Member Injury Report" filed with the New York City Fire Department constitute actual notice to the Authority *(see, Matter of Perry v City of New York, supra; Braverman v City of White Plains, supra; cf., Matter of Cicio v City of New York,* 98 AD2d 38; *Matter of Lucas v City of New York,* 91 AD2d 637; *Matter of Somma v City of New York,* 81 AD2d 889). Under these circumstances, and given the transitory nature of the condition which allegedly caused the accident, the petition must be denied. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.