■ THOMAS MYETTE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [611 NYS2d 521] —Order of the Su-

preme Court, Queens County (James O'Donoghue, J.), entered on January 2, 1992, which denied plaintiff's motion to file and serve a late notice of claim, is unanimously reversed, on the law and the facts, and in the exercise of discretion, and the motion is granted, without costs.

Plaintiff-appellant Thomas Myette, a New York City firefighter, alleges that, while responding to a fire, he suffered a serious back injury when he fell down the stairs because of rubbish on the stairs in a building owned by the New York City Housing Authority. The accident occurred on February 24, 1991. After a doctor reported on May 1, 1991, that plaintiff was totally disabled, he returned to light duty on May 28, 1991. On that date, after climbing a flight of stairs, he was rendered helpless and taken by ambulance to the New York City Fire Department Medical Office. On June 19, 1991, plaintiff retained counsel. On September 5, 1991, plaintiff filed an order to show cause seeking to file a late notice of claim against the City of New York. After Corporation Counsel advised plaintiff's counsel that the proper defendant was the New York City Housing Authority, the correct application by order to show cause was filed on October 7, 1991.

The motion court denied the motion on the authority of *Pagan v New York City Hous. Auth.* (175 AD2d 114, *lv denied* 79 NY2d 752). In *Pagan,* the notice of claim was similarly filed with the City of New York instead of the New York City Housing Authority. After being notified of the error, plaintiff delayed filing a notice of claim with the proper defendant for three months.

In the present case, we are satisfied that plaintiff was incapacitated from the date of the accident until after the 90-day period had expired. This is a sufficient excuse for the delay *(see, Morano v County of Dutchess,* 160 AD2d 690). Plaintiff has alleged that it was not until May 28, 1991, when he collapsed at work that he realized the severity of his injury. Moreover, defendant is not substantially prejudiced by the delay in that it is unlikely that the condition of rubbish on the stairway would have remained in existence until the end of the 90-day period *(see, Rosenblatt v City of New York,* 160 AD2d 927, 928; *Matter of Ferrer v City of New York,* 172 AD2d 240). Defendant also would still have the opportunity to depose plaintiff and any other witnesses to ascertain the facts of the condition. While counsel's delay in applying to serve a late notice is substantial, counsel has explained that delay by plaintiff's hospitalization, and plaintiff did act within a reason-

able time to file the claim against the proper party after being notified by the Corporation Counsel. Considering all the circumstances of this case (see, Matter of Jenkins v New York City Hous. Auth., 181 AD2d 506), we hold that the motion court improvidently exercised its discretion in denying plaintiff leave to adjudicate his claim on the merits (see, Matter of Ferrer v City of New York, supra). Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.