■ LINDA HILTON, as Guardian ad Litem for RONALD M. HILTON, Appellant, v TOWN OF RICHLAND, Respondent. [629 NYS2d 130] —Order affirmed without costs. Memorandum: Supreme Court properly denied the petition seeking permission to file a late notice of claim. The three key factors in determining whether leave to file a late notice of claim should be granted are whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual or constructive notice of the essential facts constituting the claim within 90 days of its accrual *(see,* General Municipal Law § 50-e [1]) or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense *(Carbone v Town of Brookhaven,* 176 AD2d 778). While no one factor is dispositive'*(Matter of Esposito v Carmel Cent. School Dist.,* 187 AD2d 854, 855), we have noted that "[k]nowledge of the facts constituting the claim is the factor that 'should be accorded great weight ' " *(Kalenda v Buffalo Mun. Hous. Auth.,* 203 AD2d 937). Although an excuse for the delay was shown, the other two factors clearly support the court's decision. The claim accrued on July 3, 1993, and the assertion of the Town that it had no notice until it was served with this petition on September 23, 1994 is uncontroverted. That delay deprived the Town of the opportunity "to timely and effectively investigate" the incident *(Matter of Albanese v Village of Floral Park,* 128 AD2d 611, 613), and thus the Town would be "substantially prejudiced" in maintaining its defense *(Carbone v Town of Brookhaven, supra,* at 778).

All concur except Balio and Boehm, JJ., who dissent and vote to reverse in the following Memorandum.

Balio and Boehm, JJ. (dissenting). We disagree with the majority's conclusions that the delay in filing a notice of claim deprived the Town of an opportunity to investigate the incident and that the Town has been substantially prejudiced by such delay. Thus, we respectfully dissent.

Ronald M. Hilton sustained permanent brain damage and other injuries when his heart stopped 22 times during an ambulance ride from Pulaski, N. Y., to Syracuse, N. Y. Plaintiff asserts that the ambulance defibrillator did not work because the batteries had not been charged and that the injury was caused by prolonged hypoxia and cardiopulmonary resuscitation. Plaintiff, in her capacity as guardian ad litem for Hilton, sought to file a late notice of claim upon the Town of Richland, asserting that the Town is liable for the acts of the volunteer ambulance company with whom it contracted for service within the Town.

At oral argument, the Town conceded that, by reason of the injuries and disability he sustained, Hilton could not personally communicate with an attorney or attend to the filing of a notice of claim. Plaintiff was appointed guardian ad litem in order to protect his legal interests. Thus, a reasonable excuse exists for the failure of Hilton to file a notice of claim within 90 days after the incident and for his subsequent delay in seeking permission to file a late notice of claim (see, Matter of Rosenberg v City of New York, 309 NY 304; Myette v New York City Hous. Auth., 204 AD2d 54).

The Town did not receive notice of the incident until plaintiff served a petition seeking permission to file a late notice of claim. The absence of such notice, however, is not a bar to relief. General Municipal Law § 50-e (5) enumerates several factors that the court is to consider, and the presence or absence of any one of those factors is not determinative (see, Barnes v County of Onondaga, 103 AD2d 624, 629-630, affd 65 NY2d 664; Passalacqua v County of Onondaga, 94 AD2d 949). The Town maintains that conducting an investigation into the condition of the ambulance equipment more than a year after the incident would be fruitless, and, thus, that it has been prejudiced by the delay in filing. Although such an investigation might be fruitless, the Town has failed to show that any prejudice resulted from the delay in filing. If the battery was recharged on the day following the accident, an investigation conducted by the Town on the 89th day following the accident would have been just as fruitless. It is a delay in serving a notice of claim beyond the 90-day period that must result in substantial prejudice, and the Town has failed to demonstrate that it sustained prejudice by reason of that delay (see, Myette v New York City Hous. Auth., supra, at 55; Matter of Ferrer v City of New York, 172 AD2d 240, 241; Rosenblatt v City of New York, 160 AD2d 927, 928). Further, the volunteer ambulance company was aware of the essential facts constituting the claim at a meaningful time and had an opportunity to investigate those facts. Because the Town and ambulance company are united in interest, the Town would have available any reports or records prepared by the ambulance company (see, Matter of Chatman v White Plains Hous. Auth., 101 AD2d 838, 839). Thus, we would reverse and grant the motion. (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Late Notice of Claim.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.