■ In the Matter of CAROL LEVITT-REGENBOGEN, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [652 NYS2d 508] —Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered on or about August 21, 1995, which denied the petition brought pursuant to CPLR article 78 seeking to annul the determination of respondent Board of Trustees denying petitioner's application for an accident disability pension, unanimously affirmed, without costs.

The Board of Trustees' determination, based upon the Medical Board's recommendation, was rationally based (*see, Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756). The Medical Board weighed petitioner's own evidence, and was entitled to rely instead on its own credible medical evidence that petitioner did not suffer the disabling injuries claimed. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.

■ FRANK GAUDIO, Appellant, v CITY OF NEW YORK, Respondent. [651 NYS2d 530] —Judgment, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered on or about November 15, 1995, which denied petitioner's application for leave to serve a late notice of claim, unanimously affirmed, without costs.

Petitioner's ignorance of the law is not an acceptable excuse for failing to serve a timely notice of claim (*Turkenitz v City of New York*, 213 AD2d 266), and the excuse that he did not appreciate the full extent of his injuries until two months after the accident cannot be accepted in the absence of any supporting medical evidence explaining, first, why the injury took so long to become apparent, and, second, why it might have prevented plaintiff from seeking the advice of an attorney for another three months (*see, supra; compare, Myette v New York City Hous. Auth.*, 204 AD2d 54). Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.