# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**729**
**CA 15-01904**
PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF CLAIM OF KIMBERLY TURLINGTON,
ON BEHALF OF NICOLE TURLINGTON, AN INFANT,
CLAIMANT-RESPONDENT,

                                V                                    MEMORANDUM AND ORDER

BROCKPORT CENTRAL SCHOOL DISTRICT,
RESPONDENT-APPELLANT.

---

HARRIS BEACH PLLC, PITTSFORD (CRISTINA A. BAHR OF COUNSEL), FOR
RESPONDENT-APPELLANT.

R. BRIAN GOEWEY, ROCHESTER, FOR CLAIMANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered July 6, 2015. The order granted the application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the application is denied.

Memorandum: Supreme Court abused its discretion in granting claimant's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) approximately one year after the incident in which her daughter was injured occurred. "It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are whether the claimant has demonstrated a reasonable excuse for the delay, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining a defense on the merits" (*Le Mieux v Alden High Sch.*, 1 AD3d 995, 996). "While the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the [municipality] received actual knowledge of the facts constituting the claim in a timely manner" (*Matter of Henderson v Town of Van Buren*, 281 AD2d 872, 873; *see Hilton v Town of Richland*, 216 AD2d 921, 921). It is well established that "[k]nowledge of the injuries or damages claimed . . . , rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5)" (*Lemma v Off Track Betting Corp.*, 272 AD2d 669, 671), and the claimant has the

burden of demonstrating that the respondent had actual timely knowledge (*see Matter of Riordan v East Rochester Schs.*, 291 AD2d 922, 923, *lv denied* 98 NY2d 603).  Here, in support of her application for leave to serve a late notice of claim, claimant presented evidence that respondent was aware of the order of protection requiring, inter alia, that one of its students stay away from the school attended by claimant's daughter.  Nevertheless, claimant failed to meet her burden of establishing that respondent had actual knowledge that her daughter sustained any injury as a result of any violation of the order of protection.  Specifically, claimant did not apprise respondent of any injuries until she served a proposed notice of claim with her late notice of claim application, which set forth that her daughter sustained "emotional distress," "lost scholarships" and "lost opportunities," and she did not establish that respondent otherwise acquired knowledge of any such injuries.

Furthermore, while there is no apparent prejudice to respondent stemming from the delay in this case, claimant failed to provide any excuse for the failure to serve a timely notice of claim (*see generally Matter of Felice v Eastport/South Manor Cent. Sch. Dist.*, 50 AD3d 138, 152-153).

Entered:  October 7, 2016                      Frances E. Cafarell
                                               Clerk of the Court