## McLean v New York City Health & Hosps. Corp.

2025 NY Slip Op 32170(U)

June 18, 2025

Supreme Court, New York County

Docket Number: Index No. 160546/2024

Judge: Carol Sharpe

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. CAROL SHARPE** PART 52M

*Justice*

------------------------------------------------------------------------X

CAROL MCLEAN,

INDEX NO. 160546/2024

Plaintiff,

MOTION DATE 11/11/2024

MOTION SEQ. NO. 001

- v -

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

**DECISION + ORDER ON
MOTION**

Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 8, 11, 12, 14 were read on this motion to/for _____ LEAVE TO FILE _____ .

Upon the foregoing documents, the motion is granted.

Plaintiff, as proposed guardian ad litem to her mother, Valerie Lawrence, an alleged incapacitated person, moved by Order to Show Cause ("OSC") seeking an Order pursuant to GML § 50-e(5) granting leave to serve a late notice of claim on behalf of her mother. Written opposition was filed.

In support of the OSC, plaintiff submitted her own affirmation, the proposed notice of claim, a picture of the pressure sore, and certain medical records. Plaintiff alleges in her affirmation dated November 11, 2024, that her mother was admitted to Bellevue Hospital ("Bellevue") in January of 2024, and fell into a coma on February 1st or 2nd 2024. She was transferred to Henry J. Carter Long Term Acute Care Hospital ("Henry J. Carter LTACH") on or about April 12, 2024, and was thereafter transferred to The Silvercrest Center for Nursing and Rehabilitation in June of 2024, where she still resides. Plaintiff stated that her mother has come out of the coma but is on a ventilator and unresponsive to commands. Plaintiff seeks to recover for her mother's pain and suffering caused by pressure sores for which she was treated both at Bellevue and Henry J. Carter

[* 1]

LTACH. The reason for the late notice of claim, as stated by plaintiff in her affirmation, was that she was unable to retain an attorney within 90 days because her mother is incapacitated and, as her caregiver, she visits every day to attend to her mother's health.

New York City Health and Hospital Corporation ("HHC") opposed the OSC in writing on the grounds that having medical records does not provide notice in all cases.

On December 3, 2024, Martin, Clearwater & Bell LLP filed a Notice of Designation (NYSCEF Doc. #13) as counsel for defendant New York City Health and Hospitals Corporation.

GML § 50-e (1)(a) provides in pertinent parts that a notice of claim shall be served "within ninety days after the claim arises." GML § 50-e (51) provides that "the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one of this section..." Among the factors for the court to consider are whether The City "acquired actual knowledge of the essential facts constituting the claim;" infancy or disability causing the delay of service; a reasonable excuse for the delay; "and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." GML § 50-e (5); *see also, Matter of Newcomb v. Middle Country Cent. Sch. Dist.*, 28 N.Y.3d 455, 45 N.Y.S.3d 895, 68 N.E.3d 714 (2016).

While the decision to grant or deny a motion to serve a late notice of claim is discretionary, the decision must be supported by the evidence. *Id*, at 465. The question of "acquired actual knowledge of the essential facts constituting the claim;" is to be considered "in particular" by the court as great weight is placed on those facts. *Matter of Jaime v. City of New York*, 41 N.Y.3d 531, 540,237 N.E.3d 796, 213 N.Y.S.3d 730 (2024). In addition to actual knowledge, the courts must consider "all other relevant facts and circumstances" (General Municipal Law § 50-e [5]), and "the

160546/2024  MCLEAN, CAROL vs. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION          Page 2 of 5
Motion No. 001

2 of 5

[* 2]

presence or absence of any one factor is not determinative" (*Matter of Morris v County of Suffolk*, 88 AD2d 956, 957, 451 N.Y.S.2d 448 [2d Dept 1982], *affd* 58 NY2d 767 [1982])." *Id*, at 541.

The fact that plaintiff was treated at a city hospital, without more, is insufficient to prove actual knowledge of the facts constituting the claim. *Williams v. Nassau Cnty. Med. Ctr.*, 6 N.Y.3d 531, 814 N.Y.S.2d 580, 847 N.E.2d 1154 (2006). "A medical provider's mere possession or creation of medical records does not ipso facto establish that it had "actual knowledge of a potential injury where the records do not *evince* that the medical staff, by its acts or omissions, inflicted any injury on plaintiff during the birth process. [internal citation omitted]." *Wally G. v. N.Y.C. Health & Hosps. Corp. (Metro. Hosp.)*, 27 N.Y.3d 672, 677, 37 N.Y.S.3d 30, 57 N.E.3d 1067 (2016). "For purposes of determining whether leave to serve a late notice of claim should be granted, determinations concerning a medical provider's "actual knowledge" and whether the medical records "evince" that the medical provider inflicted injury on the plaintiff rest in the sound discretion of the court." *Id*. Here, Ms. Lawrence's medical record, which was annexed as an exhibit to the OSC, indicating that she had a pressure sore upon admission to Henry J. Carter LTACH, which was after her discharge from Bellevue, is sufficient to constitute actual knowledge of the essential facts under the legal theory that the injury sustained was a result of the defendant's acts or omissions. *See generally*, *Matter of Gray v. City of N.Y.*, 211 A.D.3d 577, 178 N.Y.S.3d 449 (1st Dept. 2022) ; *Umeh v. N.Y.C. Health & Hosps. Corp.*, 205 A.D.3d 599, 169 N.Y.S.3d 579 (1st Dept. 2022). Additionally, Ms. Lawrence was admitted to Henry J. Carter LTACH because she was in a coma, thus she was unable to retain an attorney herself.

The question of substantial prejudice, or the lack thereof, is decided under the burden-shifting framework. *Matter of Jaime v. City of N.Y.*, 41 N.Y.3d 531, 541, 213 N.Y.S.3d 730, 237 N.E.3d 796 (2024). "[T]he burden initially rests on the plaintiff to show that the late notice will

160546/2024   MCLEAN, CAROL vs. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION        Page 3 of 5
Motion No.  001

3 of 5

[* 3]

not substantially prejudice the public corporation. Such a showing need not be extensive, but the plaintiff must present some evidence or plausible argument that supports a finding of no substantial prejudice." *Matter of Newcomb*, 28 N.Y.3d at 466. "Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed…[t]he public corporation, however, is in the best position to know and demonstrate whether it has been substantially prejudiced by the late notice." *Id*, at 467. "Providing proof of substantial prejudice on the record is qualitatively and quantitatively different from a mere inference of prejudice. Generic arguments and inferences will not establish 'substantial prejudice' in the absence of facts in the record to support such a finding." *Id*, at 466; *Matter of Benavides v. N.Y.C. Health & Hosps. Corp.*, 220 A.D.3d 458, 459, 197 N.Y.S.3d 493 (1st Dept. 2023)("In addition, respondent New York City Health and Hospitals Corporation (HHC) failed to make an adequate showing that it would be substantially prejudiced if plaintiff is granted leave to file his claim."). "While this Court has previously instructed that lack of actual knowledge and lengthy delays are "important factor[s] in determining whether the defendant is substantially prejudiced" (*Williams*, 6 NY3d at 539), mere inferences cannot support a finding of substantial prejudice where, as here, there is no record evidence to support them." *Matter of Newcomb*, 28 N.Y.3d at 466. Here, plaintiff has satisfied the "plausible argument" that no substantial prejudice has occurred as the delay in filing the OSC was not extensive - Ms. Lawrence was admitted to Bellevue in January of 2024, and the OSC was brought in November of 2024. Furthermore, HHC has not claimed that it would be substantially prejudiced. Accordingly, it is hereby

**ORDERED**, that plaintiff's motion is granted; it is further

160546/2024   MCLEAN, CAROL vs. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION          Page 4 of 5
Motion No.  001

4 of 5

**ORDERED**, that plaintiff shall serve the notice of claim upon New York City Health and Hospital Corporation in accordance with GML § 50-e; it is further

**ORDERED**, that in the event a lawsuit arising from this notice of claim is filed, plaintiff shall purchase a new index number.

This constitutes the Decision and Order of the Court.

**E N T E R:**

_____June 18, 2025_____
**DATE**

_____
**HON. CAROL SHARPE, J.S.C.**

**HON. CAROL SHARPE
J.S.C.**

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**160546/2024   MCLEAN, CAROL vs. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**     **Page 5 of 5**
**Motion No.  001**

5 of 5