| **Hannon v New York City Tr. Auth.** |
|:---:|
| 2025 NY Slip Op 32819(U) |
| August 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159461/2024 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                    PART                    21

*Justice*

-----------------------------------------------------------------------------X

MARGARET HANNON

                               Petitioner,

                        - v -

NEW YORK CITY TRANSIT AUTHORITY,

                         Respondent.

-----------------------------------------------------------------------------X

| INDEX NO. | 159461/2024 |
| --- | --- |
| MOTION DATE | 11/21/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER +
JUDGMENT ON PETITION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-12

were read on this petition for                    LEAVE TO SERVE A LATE NOTICE OF CLAIM    .

Upon the foregoing documents, it is **ADJUDGED** that the petition for leave to serve a late notice of claim upon respondent New York City Transit Authority is **GRANTED**, and the proposed notice of claim annexed to the petition as Exhibit A (NYSCEF Doc. No. 2) is deemed timely served, *nunc pro tunc*, upon respondent New York City Transit Authority upon service of a copy of this decision, order, and judgment with notice of entry; and it is further

     **ORDERED** that petitioner must purchase a new index number to commence an action in the event a lawsuit is filed arising from the notice of claim; petitioner may not re-use this index number for such action.

     Petitioner seeks leave to serve a late notice of claim upon respondent, nunc pro tunc, alleging that, on November 11, 2023, at 3:05 p.m., petitioner was injured when the M23 bus in which petitioner was a passenger slammed on the brakes, causing petitioner to fall to the floor and suffer personal injuries (*see* exhibit A in support of petition, notice of claim [NYSCEF Doc. No. 2]).  The notice of claim was allegedly served on March 12, 2024, 32 days after the 90 days had passed from the date of the incident (*see* petition ¶ 16 [NYSCEF Doc. No. 1]).

     Respondent opposes the petition.

     Where an action against the New York City Transit Authority (NYCTA) is founded on a tort (except for wrongful death), Public Authorities Law § 1212 (2) requires service of a notice of claim upon the NYCTA, prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law."

**159461/2024   HANNON, MARGARET vs. NEW YORK CITY TRANSIT AUTHORITY**                    **Page 1 of 4**
**Motion No.  001**

1 of 4

[* 1]

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim.

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531 [2024] [internal citations omitted]).

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh'. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits' "(*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioner essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

Reasonable excuse

Petitioner's counsel claims that petitioner did not serve a timely notice of claim because she was in-and-out of the hospital for months after the incident and was confined to bed for long periods of time (petition ¶ 22). According to petitioner, she was admitted to the hospital for a week for a pelvic fracture, then transferred to a rehabilitation center until December 9, 2023 (Hannon aff ¶ 7 [NYSCEF Doc. No. 4]). Within days of December 28, 2023, petitioner "had an attack of sciatica that lasted until February 2024, that was from the accident"; "During this time, I was in severe pain and could hardly move" (*id.* ¶ 10).

To the extent that petitioner argues that she had a reasonable excuse based on her hospitalization and rehabilitation, or from the attack of sciatica, petitioner submits no medical evidence to support her assertion that she was so incapacitated that she was unable to serve a timely notice of claim (*see Matter of Bell v City of New York*, 100 AD3d 990, 990 [2d Dept 2012]). "Petitioner's assertion that [she] was unaware of the requirement that [she] file a notice of claim within 90 days of [her] accident is not a

159461/2024   HANNON, MARGARET vs. NEW YORK CITY TRANSIT AUTHORITY          Page 2 of 4
Motion No.  001

2 of 4

reasonable excuse for failing to file a timely notice" (*Matter of Montero v City of New York*, 176 AD3d 614, 615 [1st Dept 2019]; *Gaudio v City of New York*, 235 AD2d 228, 228 [1st Dept 1997]).

<u>Actual knowledge of the essential facts</u>

"The actual knowledge requirement contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (*Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401, 403 [1st Dept 2018]; *Matter of Grande v City of New York*, 48 AD3d 565 [2nd Dept 2008]). However, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of [the] 'claim'" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1st Dept 1990]; *see also Bullard v City of New York,* 118 AD2d 447 [1st Dept 1986]). "The statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted" (*Carpenter v City of New York*, 30 AD3d 594, 595 [2d Dept 2006]).

Petitioner contends that respondent had actual knowledge of the essential facts of the claim because, on December 28, 2023 at 3:11 p.m., she sent respondent an email about the incident:

> **From:** Margaret Hannon <hannon53@msn.com>
> **Sent:** Thursday, December 28, 2023 3:11 PM
> **To:** Notices of Claim <ServiceClaims@nyct.com>
> **Subject:** Personal inquiry claim on M23 Bus complaint number 04405722
>
> I was told by MTA representative to send you the following complaint number 04405722
>
> On November 11 I got on the M23 Bus at the 20 Street Loop between Ave A and 1st Ave.
>
> I am 80 years old with a cane. I sat on the 3 seater on the left of the bus for a second and I notice there was a 1 seater on the opposite side of the bus and I went over to that seat and just as I was about to sit down the bus driver jammed (really hard) on the brakes and I fell down and broke a bone in my pelvic area.
>
> A guy on the bus tried to help me up but I couldn't get up. The bus driver continued to drive on to First Ave 20 Street. The FD medics got me up of the floor and got me on the stretcher and took me to NYU Hospital emergency where I stayed for two weeks and then they took me to West Village Rehab center at West Houston Street where I was discharged on December 9th .. I can't walk and I have a walker and physical therapist 3 times a week.

(*see* exhibit D in support of petition [NYSCEF Doc. No. 5]).

**159461/2024 HANNON, MARGARET vs. NEW YORK CITY TRANSIT AUTHORITY** Page 3 of 4
**Motion No. 001**

3 of 4

The email establishes that respondent had actual notice of the essential facts of the claim within 90 days after the incident. Respondent does not dispute that it received the email but argues instead that the email itself does not constitute a valid notice of claim, which is irrelevant (*see* affirmation of respondent's counsel in opposition ¶ 15).

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

Contrary to respondent's contention, petitioner met the initial burden of demonstrating lack of substantial prejudice. Petitioner's evidence showing that respondent had actual notice of the facts constituting the claim within 90 days of the accident or a reasonable time thereafter provides a 'plausible argument' that the NYCTA will not be substantially prejudiced in investigating and defending the claim" (*Matter of Dubuche v New York City Tr. Auth.*, 230 AD3d 1026, 1027 [1st Dept 2024]).

Respondent has not come forward with any evidentiary showing that it will be substantially prejudiced if late notice were allowed.

Because petitioner has demonstrated that respondent had timely actual knowledge of the essential facts constituting the claim, and respondent did not demonstrate that it would suffer substantial prejudice if leave were granted, the application for leave to serve a late notice of claim, nunc pro tunc, is granted.

20250815140657RTSAI1845CE62EE47415E9E81150668F8E3B4

| **8/15/2025** | | | | |
| DATE | | | RICHARD TSAI, J.S.C. | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159461/2024 HANNON, MARGARET vs. NEW YORK CITY TRANSIT AUTHORITY**
**Motion No. 001**

Page 4 of 4

4 of 4

[* 4]