■ In the Matter of the Claim of HOWARD MCCARTHY, Respondent, v. GENERAL MOTORS CORPORATION, CHEVROLET MOTOR DIVISION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant sustained an accidental injury to the lumbosacral area of his back in the course of employment, but lost no wages because he was placed in lighter work by the employer. There is a finding of permanent partial disability. During two relatively short periods in 1958 the employer's plant was closed and claimant did not work. There is testimony in the record that during these periods he attempted to find work but could not do so because of his physical condition. Since claimant had no actual wages during these periods, the board has based his wage earning capacity on the formula provided by subdivision 5-a of section 15 of the Workmen's Compensation Law, and has made an award of 50% partial disability. If there is an actual physical partial disability, but no loss of wage because the claimant has continued in employment and hence has no immediate right to compensation, the right accrues thereafter when full wages no longer are paid although the disability continues. This right is especially clear if the claimant tries to find other employment but is not able to do so (cf. *Matter of Hermon v. Pugh*, 272 App. Div. 985; *Matter of Jones v. Halcomb Steel Co.*, 276 App. Div. 938). Award unanimously affirmed, with costs to the Workmen's Compensation Board.

■ FLORENCE R. COLASUONNO et al., Appellants, v. MUNICIPAL HOUSING AUTHORITY OF SCHENECTADY, Respondent.— Appeal from an order of a Special Term, Supreme Court, Albany County. Plaintiffs' complaint against defendant public housing authority has been dismissed at Special Term because of a failure to file a notice of claim within 90 days pursuant to section 50-e of the General Municipal Law, which superseded "inconsistent provisions of any general, special or local law * * * and shall be controlling." (L. 1945, ch. 694, § 13.) It has been held that this shorter period, rather than the six-month period allowed by section 157 of the Public Housing Law is controlling. (*Robinson v. New York City Housing Auth.*, 7 N Y 2d 908; cf. Public Housing Law, § 3.) Order unanimously affirmed, with $10 costs.