■ DOROTHY GAGLIARDI, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim and for other relief, the New York City Housing Authority appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated August 25, 1980, which granted the application. Order reversed, on the law, without costs or disburse-

ments, and application denied. Plaintiff sustained personal injuries in an accident which occurred on March 21, 1979 at the Richmond Terrace Senior Center. A notice of claim was served on the City of New York on May 10, 1979 and an action was instituted. The city's answer, received by plaintiff in January, 1980, denied ownership of the center. Twenty days before the June 19, 1980 expiration of the Statute of Limitations (see Public Housing Law, § 157, subd 2), plaintiff moved to serve a late notice of claim and an amended complaint upon the New York City Housing Authority. Although the motion papers included a proposed notice of claim, the proposed summons and amended complaint were not sent to the authority until July 2, 1980 as part of the sur-reply. On August 25, 1980, Special Term granted the motion and permitted plaintiff to file her notice of claim and amended summons and complaint *nunc pro tunc* within three weeks from entry of the order. We reverse. Plaintiff's personal injury action against the housing authority must be dismissed because her suit was not interposed within one year and 90 days after the accident (see Public Housing Law, § 157, subd 2; CPLR 203; Siegel, New York Practice, § 45). To support her contention that the action was begun by service of the late notice motion upon the housing authority, plaintiff relies on *Vastola v Maer* (48 AD2d 561, affd 39 NY2d 1019). That case held that where a court grants permission to serve an amended complaint and the notice of motion containing the proposed amended complaint was served upon the defendant prior to the expiration of the Statute of Limitations, the claim should be deemed interposed when the defendant received the proposed amended complaint as part of the motion papers (*supra,* p 565). Unfortunately, *Vastola* is of scant succor to this plaintiff whose proposed amended complaint was contained in a sur-reply which was not sent to the housing authority until after the Statute of Limitations had expired. Under CPLR 203 (subd [e]), the claim in the amended pleading does not relate back to the time that the original pleading was served on the city, since notice to the city cannot be considered notice to the housing authority, which was served after the expiration of the limitations period (see *Brock v Bua,* 83 AD2d 61, 65). Furthermore, the city and the housing authority were not "united in interest" under CPLR 203 (subd [b]) so that personal service of the summons and complaint upon the former did not constitute interposition of plaintiff's claim against the latter (see *Connell v Hayden,* 83 AD2d 30). Reversal is also warranted because permission to serve a late notice of claim should not have been granted. The authority did not receive actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter and plaintiff has offered no valid excuse for the delay between receipt of the city's answer and the instant application (see General Municipal Law, § 50-e, subd 5). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.