OPINION OF THE COURT
Arthur W. Lonschein, J.
In this action for false arrest and malicious prosecution, the plaintiff moves for leave pursuant to CPLR 308 (subd 5) to serve the defendant Watts, by delivering the summons and complaint to the City of New York (City), it being the claim of plaintiff that Watts is a police officer employed by New York City, as a housing police officer.
The City cross-moves for a dismissal of the complaint pursuant to CPLR 3211 (subd [a], par 7) on the ground that the same fails to state a cause of action against it. It appears, according to the complaint, that Watts alleged to be a police officer employed by the City wrongfully arrested and prosecuted the plaintiff. The complaint also alleges that in addition to Watts being a New York City police officer, he is “employed by the City of New York as a member of the Housing Police and was acting in his capacity of a police officer”. It is the City’s position that Watts is not a police officer employed by the City of New York and that it is not responsible by way of respondeat superior for his alleged tortious acts as alleged in the complaint.
*291 The City is correct. It is alleged by plaintiff and established by the City, that Watts is a police officer employed by the New York City Housing Authority. This Authority is not a branch or department of the City of New York. Municipal housing authori- - ties such as the New York City Housing Authority are creations of the Legislature (Public Housing Law, § 2), pursuant to the policy of the people of this State as set forth in article XVIII of the New York Constitution. The statute (Public Housing Law, § 2), specifically sets forth that such authorities “are declared to be agencies and instrumentalities of the state for the purpose of attaining the ends herein recited”. While the statute permits such an authority to “sue and be sued” (Public Housing Law, § 37, subd 1, par [s]), it also sets forth conditions by which such an authority may be sued. Any action (such as this one) to recover for personal injuries as a result of an employee’s tortious acts has a prerequisite that a notice of claim pursuant to section 50-e of the General Municipal Law be served upon the housing authority (Public Housing Law, § 157, subd 2.) This concededly was not done in the matter at bar. The notice of claim for the alleged tortious acts of Officer Watts was served instead upon the Comptroller of the City of New York, not the employer of that police officer. His employment is with the New York City Housing Police Force, established pursuant to subdivision 5 of section 402 of the Public Housing Law. Notice to the City is not notice to the Housing Authority. (Gagliardi v New York City Housing Auth., 88 AD2d 610.)
Accordingly, the motion to serve the City is denied and the cross motion to dismiss the complaint is granted.