■ MARGARET MERCIER et al., Respondents, v MUNICIPAL HOUSING AUTHORITY OF THE CITY OF SCHENECTADY, Also Known as SCHENECTADY MUNICIPAL HOUSING AUTHORITY, Appellant.—Kane, J. Appeal from an order of the Supreme Court (Graves, J.), entered January 8, 1987 in Schenectady County,

which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

In their complaint, plaintiffs seek damages allegedly caused by a slip and fall accident and by leaking gas. Plaintiffs, however, failed to serve a notice of claim. Accordingly, defendant moved to dismiss upon the ground that the action was not properly commenced. Supreme Court denied the motion and this appeal ensued.

We reverse. Defendant operates pursuant to Public Housing Law § 406 *(see also,* Public Housing Law § 405), and as such, Public Housing Law § 157 (2) provides that an action such as this: "shall be commenced within one year and ninety days after the cause of action therefor shall have accrued, *provided that a notice of the intention to commence such action shall have been served upon the authority. All the provisions of section fifty-e of the general municipal law shall apply to such notice"* (emphasis supplied). Moreover, Public Housing Law § 157 (1) provides that in an action against a public housing authority: "the complaint * * * shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action * * * is founded were presented to the authority". Since plaintiffs failed to serve a notice of claim and have not moved for permission to serve a late notice of claim, the complaint should be dismissed *(see, Collasuonno v Municipal Hous. Auth.,* 12 AD2d 866; *see also, McKay v City of New York,* 126 Misc 2d 290).

Order reversed, on the law, without costs, motion granted and complaint dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.