■ ANTHONY PAVONE, Respondent, v CITY OF NEW YORK et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hutcherson, J.) dated December 5, 1988, which granted the plaintiff's motion for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion is denied.

It has been stated that in determining whether permission to serve a late notice of claim should be granted, the chief factors are whether the plaintiff has demonstrated a reasonable excuse for failure to serve a timely notice of claim, whether the entity to be served acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose, or a reasonable time thereafter, and whether the delay would substantially prejudice the entity in maintaining its defense on the merits (see, Perry v City of New York, 133 AD2d 692, 693; see also, Braverman v City of White Plains, 115 AD2d 689, 690).

In focusing upon these key factors, it becomes apparent that the plaintiff's motion for leave to serve a late notice of claim should have been denied. First, the plaintiff failed to present an adequate excuse for his failure to serve a timely notice of claim upon the proper defendants (see, Chattergoon v New York City Hous. Auth., 161 AD2d 141). Although a notice of claim was served within 90 days, it was served on an improper entity (the New York City Hous. Auth.) despite the fact that the correct entities (the municipal defendants herein) easily could have been ascertained (see, e.g., Matter of D'Andrea v City of Glen Cove Pub. Schools, 143 AD2d 747). Second, there is no evidence in the record to indicate that the defendants herein had actual knowledge of the claim within 90 days of the accident, or a reasonable time thereafter. The Housing Authority was not an alter ego of the proper entities to be served, and notice to it may not be imputed to the defendants in this case (see, McKay v City of New York, 126 Misc 2d 290). Nor does the fact that the Housing Authority held a hearing

pursuant to General Municipal Law § 50-h impute knowledge to the proper parties *(see, Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492). Finally, the defendants were able to show that they would be prejudiced by the filing of any late notice of claim. In this regard, we note that the plaintiff's notice of claim was inadequate in setting forth the nature of the claim, how it arose, the location of the accident and the nature of the plaintiff's injuries.

Accordingly, the plaintiff failed to make a sufficient showing that he was entitled to leave to serve a late notice of claim *(see, Matter of Blackwell v City of New York,* 156 AD2d 684; *Raczy v County of Westchester,* 95 AD2d 859). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.