■ DOUGLAS DOCKENDORF, Respondent, v CITY OF SARATOGA SPRINGS, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered August 28, 1991 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff is the owner of real property located in the City of Saratoga Springs, Saratoga County. Following his acquisition of that property, plaintiff negotiated five-year leases with six hairdressers to commence on September 1, 1988, all of which were contingent upon plaintiff obtaining a building permit and certificate of occupancy from defendant. Since the proposed use of the building did not constitute a use permitted under defendant's zoning ordinance, plaintiff sought a use variance from defendant's Zoning Board of Appeals. In May 1988 the variance was granted conditioned upon site plan approval by defendant's Planning Board. On July 6, 1988 plaintiff appeared before the Planning Board with an application for site plan approval, which the Planning Board rejected because plaintiff failed to satisfactorily address problems asso-

ciated with a storm drainage system that transversed the property. Allegedly as a result of that action, the six hairdressers declined to enter into the leases. Thereafter plaintiff commenced this action against defendant seeking money damages based upon the unreasonable, arbitrary and capricious decision of the Planning Board. Defendant answered and thereafter moved for summary judgment, which motion was denied by Supreme Court. Defendant has appealed.

Plaintiff contends that the action of the Planning Board constituted an unreasonable exercise of the police power which has effected a taking of his property for which he is entitled to compensation. We disagree. While it is clear that a landowner may bring an action against a municipality on the ground that a zoning regulation renders the property affected by it so unsuitable for any purpose for which it is reasonably adapted as effectively to destroy its economic value (see, de St. Aubin v Flacke, 68 NY2d 66; Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492; Matter of Golden v Planning Bd., 30 NY2d 359, appeal dismissed 409 US 1003), here plaintiff makes no such claim. Rather than challenging the validity of the zoning ordinance, plaintiff challenges the decision of the Planning Board as arbitrary and capricious and a CPLR article 78 proceeding is the sole method of reviewing such a decision (see, Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202; Baddour v City of Long Beach, 279 NY 167, 177, appeal dismissed 308 US 503; 2 Anderson, New York Zoning Law and Practice § 26.16, at 387 [3d ed]).

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.