■ ROBERT W. KALENDA, Respondent, v BUFFALO MUNICIPAL HOUSING AUTHORITY, Appellant. [611 NYS2d 386] —Order unanimously reversed on the law without costs, motion denied, cross motion granted and complaint dismissed. Memorandum: The IAS Court abused its discretion in granting plaintiff's motion for leave to file a late notice of claim. Defendant did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter *(see,* General Municipal Law § 50-e [5]). Knowledge of the facts constituting the claim is the factor that "should be accorded great weight" *(Matter of Stenowich v Colonie Indus. Dev. Agency,* 151 AD2d 894, 895, *lv denied* 74 NY2d 615; *see, Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767). Notice to the City of Buffalo cannot be deemed constructive notice to defendant, which is an independent agency unrelated to the City of Buffalo *(see, Pavone v City of New York,* 170 AD2d 493; *Gagliardi v New York City Hous. Auth.,* 88 AD2d 610; *McKay v City of New York,* 126 Misc 2d 290). Finally, plaintiff has not alleged that the condition resulting in his accident has remained unchanged and, absent such an allegation, defendant has not been given an

opportunity to investigate the condition at the time of the accident *(see, Fendig v City of New York,* 132 AD2d 520). (Appeal from Order of Supreme Court, Erie County, Doyle, Jr., J.—Late Notice of Claim.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.