■ MARION LUND et al., Appellants, v TOWN OF YORKTOWN, et al., Respondents. [641 NYS2d 438] —Spain, J. Appeal (trans-

---

ferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Silverman, J.), entered December 2, 1994 in Westchester County, which, *inter alia*, granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiffs, Marion Lund and William Lund, are the owner and tenant, respectively, of a building located in a commercial use zoning district within the Town of Yorktown, Westchester County. In July 1990 plaintiffs sought site plan approval to allow an alteration of a portion of the building for the installation of a laundromat; pursuant to Town Zoning Code the matter was referred to the Town Planning Board. In October 1990 the Planning Board granted conditional approval; the conditions included, *inter alia*, planting of trees, reconfiguration of parking spaces, site drainage and facade treatment. Thereafter, plaintiffs were denied a certificate of occupancy based upon their failure to comply with the aforementioned conditions; plaintiffs did, however, install a laundromat.

In May 1992 plaintiffs were issued a summons by the defendant Town of Yorktown alleging the offense of "Occupancy and Operating a New Business Without a Certificate of Occupancy"; plaintiffs were issued a second summons, alleging the same offense, in March 1993. In August 1993 plaintiffs commenced the instant action alleging, *inter alia*, that the Town does not have authority to enforce standards different from the State Uniform Fire Prevention and Building Code (9 NYCRR 600 *et seq.* [hereinafter Building Code]), that the Town failed to implement the Building Code and that the Town improperly withheld a certificate of occupancy; plaintiffs requested compensatory damages, punitive damages and counsel fees. After issue was joined plaintiffs moved for partial summary judgment and defendants cross-moved, based upon General Municipal Law §§ 50-e, 50-i and Town Law § 274-a, for an order granting summary judgment dismissing the complaint. Supreme Court, concluding that the action should properly have been commenced in the form of a CPLR article 78 proceeding, or as a request for declaratory judgment, determined that the action was time barred. Supreme Court further concluded that plaintiffs' request for damages was defective for failure to serve a notice of claim pursuant to General Municipal Law § 50-e. Plaintiffs appeal.

We affirm. Plaintiffs' contentions that the Town misapplied the Building Code and/or failed to implement the Building Code are misplaced. A review of the complaint reveals that plaintiffs were not satisfied with the conditional approval

granted by the Planning Board in October 1990. It is, however, well settled that a planning board may impose reasonable conditions upon the granting of a site plan approval (*see, Matter of St. Onge v Donovan*, 71 NY2d 507, 516). Plaintiffs' attempt to seek relief from the conditional approval by commencing an action approximately three years thereafter is improper. The gravamen of the complaint, as carefully drawn, seeks review of an administrative action and therefore should have been commenced as a CPLR article 78 proceeding (*see, Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202; *Dockendorf v City of Saratoga Springs*, 184 AD2d 851, 852, *appeal dismissed* 80 NY2d 1004, *lv dismissed* 81 NY2d 818). Accordingly, Supreme Court's determination that the action is time barred is correct.

Further, as stated clearly and succinctly by Supreme Court, plaintiffs' failure to serve a notice of claim pursuant to General Municipal Law § 50-e (*see, Salvaggio v Western Regional Off-Track Betting Corp.*, 203 AD2d 938; *Mercier v Municipal Hous. Auth.*, 133 AD2d 990) is fatal. We have reviewed plaintiffs' remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.