**Florance v Town of Dickinson**

2025 NY Slip Op 34890(U)

January 8, 2026

Supreme Court, Broome County

Docket Number: Index No. EFCA2025001010

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At a Motion Term of the Supreme Court of
the State of New York held in and for the
Sixth Judicial District at the Broome County
Courthouse, Binghamton, New York, on the
15th day of August 2025.

PRESENT:   HON. EUGENE D. FAUGHNAN
           Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME
_____

MARK FLORANCE,

                              Plaintiff,

                                                    DECISION AND ORDER

vs.
                                                    Index No.: EFCA2025001010

TOWN OF DICKINSON,

                              Defendant.
_____

APPEARANCES:

Counsel for Plaintiff:              LAW OFFICE OF RONALD R. BENJAMIN
                                    By: Ronald R. Benjamin, Esq.
                                    126 Riverside Dr., P.O. Box 607
                                    Binghamton, NY 13902-0607

Counsel for Defendant:              SOKOLOFF STERN LLP
                                    By: Marissa D. Embola, Esq.
                                    179 Westbury Avenue
                                    Carle Place, NY 11514

[* 1]

## EUGENE D. FAUGHNAN, J.S.C.

This matter is before the Court upon the pre-Answer motion of Defendant, Town of Dickinson (the "Town"), to dismiss the Complaint pursuant to CPLR 3211 (a)(1) and (7). Plaintiff, Mark Florance ("Florance"), has filed opposition to the motion, and also filed a cross-motion to amend the Complaint. Oral argument was conducted, and counsel for both parties were present. After due deliberation, this Decision and Order constitutes the determination of this Court.[1]

## BACKGROUND FACTS

This is a land use case involving construction of a solar farm in the Town of Dickinson. Florance owns property adjacent to the solar farm and claims damages due to the loss of a scenic view, diminution in property value, emotional distress and mental anguish resulting from the solar development.

In approximately August of 2021, Citizens Energy/Citizens Dickinson Solar, LLC ("Citizens Energy") applied to the Town to construct a solar farm. The Town determined that the proposed development was a Type 1 under the New York State Environmental Quality Review Act, which means it is more likely to have environmental impacts and must go through a more rigorous review (*see* 6 NYCRR § 617.4). The Town declared itself as the lead agency for review. On or about October 18, 2021 the Town Planning Board issued a negative declaration (meaning that proposed project will not have a significant adverse environmental impact) and approved the Site Plan. Citizens Energy then moved forward with the solar farm construction, which was completed.

Plaintiff alleges that he has been adversely impacted by the solar farm. He filed a Notice of Claim on November 14, 2024, and a 50-h hearing was held on February 10, 2025. Plaintiff filed a Summons and Complaint on April 2, 2025. The parties agreed to an extension of time for the Town to file an Answer or make a motion. The Town opted to make this motion to dismiss the Complaint.

---

[1] The Court has considered all the papers filed in support and opposition to the motion and cross-motion, as well as all the other documents contained in the electronic case file.

[* 2]

In his Complaint, Plaintiff alleges that the Town "failed to complete the proper environmental impact review and to otherwise ensure that the operation of the solar farm will not adversely impact the environment and otherwise damage the area adjoining the farm" (Plaintiff's complaint, NYSECF Doc. No. 2 at ¶ 18). He also claims that there was no application made for a variance, and that there was a conflict of interest because the Town's attorney has also represented solar farm developers. Plaintiff claims that he suffered aesthetic harm (Plaintiff's complaint, NYSCEF Doc. No. 2 at ¶ 16) and a "reduction in [the property's] value … and … significant emotional distress and mental anguish as a result of having to look at solar panels instead of the scenic view and the wildlife in the area which is one of the reasons he purchased the property" (Plaintiff's Complaint at ¶ 19)

The Town filed the instant motion on June 3, 2025, seeking to dismiss the Complaint. It argues that this case should be dismissed because: the action should have been brought as an Article 78 action, and not a plenary action; it is barred by the statute of limitations [CPLR 3211(a)(5)], and the Plaintiff did not serve a timely Notice of Claim; and the Town is immune from negligence liability.

Plaintiff filed opposition to the motion to dismiss and also cross moved to amend the Complaint to add additional defendants and causes of action. He attached a proposed Amended Complaint. With respect to adding additional defendants, Plaintiff wants to add the operator of the solar farm (Citizens Energy) and owners of the parcel(s) where the solar farm was constructed. There is no indication why those parties were not named as Defendants in the initial Complaint. Plaintiff also seeks to assert in the proposed Amended Complaint that the property where the solar farm was constructed is designated as R-M Residential, and that a variance was required for approval, which Citizens failed to obtain; and that had the proper procedure been followed, Plaintiff (and other adjoining landowners) would have been entitled to notice of the project and been able to make timely objections; and that the Town failed to properly consider visual impact, noise impact and environmental damage that would result from the proposed development.

3

[* 3]

## LEGAL DISCUSSION AND ANALYSIS

"In the context of a CPLR 3211 motion to dismiss, the pleadings are necessarily afforded a liberal construction" *Goshen v. Mut. Life Ins. Co.*, 98 NY2d 314, 326 (2002), *see Leon v. Martinez*, 84 NY2d 83, 88 (1994). The Court must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" *Goldman v. Metropolitan Life Ins., Co.*, 5 NY3d 561, 570-571 (2005); *see Leon v. Martinez, supra.*

Although a motion to dismiss does not have the benefit of a full discovery, a party may seek to rely on written records in some circumstances, which the moving party believes clearly establish that the other party cannot succeed on the claim. This is addressed in CPLR 3211(a)(1) and deals with "documentary evidence." To prevail on a motion to dismiss pursuant to CPLR 3211(a)(1), the movant must demonstrate that "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" *R.I. Is. House, LLC v. North Town Phase II Houses, Inc.*, 51 AD3d 890, 893 (2nd Dept. 2008), *quoting Goshen v. Mut. Life Ins. Co.*, 98 NY2d at 326; *see Kolchins v. Evolution Mkts., Inc.*, 31 NY3d 100 (2018); *HSBC Bank USA, N.A. v. Decaudin*, 49 AD3d 694, 695 (2nd Dept. 2008); *Fontanetta v. John Doe 1*, 73 AD3d 78 (2nd Dept. 2010); *see also, Leon v. Martinez, supra* at 88. "Materials that clearly qualify as documentary evidence include documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" *Ganje v. Yusuf*, 133 AD3d 954, 956-957 (3rd Dept. 2015); *citing Midorimatsu, Inc. v. Hui Fat Co.*, 99 AD3d 680, 682 (3rd Dept. 2012), *lv dismissed* 22 NY3d 1036 (2013). In the instant case, the Town has raised CPLR 3211(a)(1) and relies on the records of the Town Planning Board; in particular, the October 18, 2021 Planning Board Minutes where a negative declaration was made. A negative declaration reflects that the lead agency has concluded that there "are no significant adverse effects associated with the project" *Matter of Creda, LLC v. City of Kingston Planning Bd.*, 212 AD3d 1043, 1044 (3rd Dept. 2023); *Matter of South Bronx Unite! v. New York City Indus. Dev. Agency*, 115 AD3d 607, n.1 (1st Dept. 2014); 6 NYCRR 617. The Court concludes that the meeting minutes of the Planning Board, which provide a written account of the Planning Board's actions, qualify as documentary evidence that could be considered on a motion to dismiss under CPLR 3211(a)(1).

4

In addition to CPLR 3211(a)(1), another ground for dismissal is found in CPLR 3211(a)(7), which allows a defendant to challenge the legal sufficiency of a complaint and permits the Court to grant dismissal when the Complaint fails to state a cause of action. That generally involves showing either that the factual allegations do not support a claim recognized under the law, or that even if there is a potential claim, the allegations do not support all the elements. When addressing a motion to dismiss under CPLR 3211(a)(7), the "ultimate criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" *Schmidt & Schmidt, Inc. v. Town of Charlton*, 68 AD3d 1314, 1315 (3rd Dept. 2009), *quoting Leon v. Martinez*, 84 NY2d 83, 88. If the plaintiff alleges facts that support a claim, the complaint would be sufficient, even if the causes of action were not specifically and properly identified. The pertinent consideration "'is whether plaintiffs have a cause of action and not whether one has been stated, i.e., whether the facts as alleged fit within any cognizable legal theory'" *Duffy v. Baldwin*, 183 AD3d 1053, 1054 (3rd Dept. 2020), *quoting Alaimo v. Town of Fort Ann*, 63 AD3d 1481, 1482 (3rd Dept. 2009) (other citations omitted). Thus, a poorly drafted complaint will be saved from dismissal if the court can discern a possible cause of action.

The distinction between CPLR 3211(a)(1) and (a)(7) can become blurred in some situations. "When documentary evidence is submitted by a defendant, 'the standard morphs from whether the plaintiff stated a cause of action to whether it has one'" *Basis Yield Alpha Fund (Master) v. Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 (1st Dept. 2014), *quoting* John R. Higgitt, CPLR 3211[a][7] and [a][7] Dismissal Motions-Pitfalls and Pointers, 83 NY St. BJ 32, 33 (2011). That is because the documentary evidence is being used to conclusively establish that no cause of action actually exists. *See, e.g. Maldonado v. DiBre*, 140 AD3d 1501 (3rd Dept. 2016). Even though the complaint may contain a well-pleaded cognizable claim, the documentary evidence shows plaintiff cannot prevail. *See, Basis Yield Alpha Fund (Master) v. Goldman Sachs Group, Inc.*, 115 AD3d at 135.

With that backdrop, the Court now turns to the motion presented in this case. Florance's initial Complaint alleges that the Town allowed the project to move forward without properly notifying owners of neighboring properties, and also without the Town conducting an environmental impact study. As such, it is essentially a challenge to the Town's decision concerning the solar project.

5

[* 5]

CPLR Article 78 is the main method to review and challenge administrative actions. *See, Riverview Dev. LLC v. City of Oswego*, 125 AD3d 1417 (4th Dept. 2015); *Lund v. Town of Yorktown*, 226 AD2d 1043 (3rd Dept. 1996); *see also, Matter of Van Dyk v. Town of Greenfield Planning Bd.*, 190 AD3d 1048 (3rd Dept. 2021); *Haggerty v. Planning Bd. of Sand Lake*, 166 AD2d 791 (3rd Dept. 1990). Plaintiff is challenging the actions and/or inactions of the Planning Board that resulted in the negative declaration, site plan approval and development of the solar project. Those issues would be properly addressed in an Article 78 action. *See, e.g. Matter of Hoefler v. Town of Pompey Planning Bd.*, 2025 NY App. Div. LEXIS 6562 (4th Dept. 2025) (Article 78 action to challenge Planning Board's negative declaration and site plan approval for a project); *Matter of Caci v. Board of Educ. of the Cornwall Cent. Sch. Dist.*, 241 AD3d 820 (2nd Dept. 2025) (negative declaration constitutes final determination for purposes of challenge to action of public body); *Matter of Ross v. Village of Fayetteville*, 233 AD3d 1466 (4th Dept. 2024) (Article 78 to challenge Planning Board's negative declaration and site plan approval); *Bristol Homeowners Envtl. Preserv. Assoc., LLC v. Town of S. Bristol*, 122 AD3d 1259 (4th Dept. 2014) (challenge to Planning Board's actions could be taken by an Article 78 and is thus subject to a shorter statute of limitations). Instead, Florance brought this case as a plenary action, not an Article 78 action. That flaw is not necessarily insurmountable, as the Court may exercise its discretion to convert the action into an Article 78 proceeding. *See*, CPLR 103(c); *Awan v. City of New York*, 92 AD3d 406, (1st Dept. 2012); *see also, Jackson v. Town of Nanticoke*, 2025 NY Misc LEXIS 1814 (Sup. Ct. Broome County 2025).

A court, however, is not free to simply convert a case to an Article 78 action in every instance. If a claim should have been brought as an Article 78 action, but would be barred by the Statute of Limitations, then the Court cannot convert the action. *See, Meisner v. Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs.*, 175 AD3d 1653 (3rd Dept. 2019). "Regardless of how a plaintiff may label or style his or her claim[s], courts must look to the core of the underlying claim[s] and the relief sought and, if the claim[s] *could have* been properly addressed in the context of a CPLR article 78 proceeding, a four-month statute of limitations will apply" *Schulz v. Town Bd. of the Town of Queensbury*, 178 AD3d 85, 89 (3rd Dept. 2019) (emphasis added), *app dismissed* 34 NY3d 1177 [2020], *lv denied* 35 NY3d 1080 (2020), *cert denied* 141 S. Ct. 2513 (2021).

6

Here, the Planning Board issued the negative declaration on October 18, 2021. That was an action (or inaction) of a governmental body. The proper way to challenge that finding and action was by an Article 78. The Summons and Complaint were filed on April 2, 2025, long after the expiration of the 4-month limitation for an Article 78 action. CPLR 217(1); *Doyle v. Goodnow Flow Assn., Inc.*, 193 AD3d 1309, 1311 (3rd Dept. 2021) ("CPLR article 78 proceedings must be commenced within four months after a challenged determination becomes final and binding" [citations omitted]). Therefore, conversion to an Article 78 action is not appropriate in this circumstance. Based on the documentary evidence concerning the date of the Planning Board's determination, the Court can conclude that the challenge should have been made within 4 months of October 18, 2021, but that was not done.[2] Since the action was not timely commenced, the Court does not have latitude to convert the action to an Article 78 proceeding.

The Court also notes that even if this claim was considered as a plenary action, and under a negligence theory instead of an Article 78 proceeding, it is still untimely. A negligence claim has a three-year statute of limitations. CPLR § 214. Claims against a municipality must be brought within one-year and ninety days. CPLR § 217-a. Plaintiff's Complaint was filed almost 3 ½ years after the Planning Board's determination, so a negligence claim would be time barred by CPLR § 214 and § 217-a.

Furthermore, to the extent that the Complaint asserts that the Town's actions/inactions constituted negligence by failing to alert adjoining landowners and/or to protect those adjoining landowners from environmental harm, the Court also concludes that such a claim is not available to the Plaintiff. When a municipality is exercising a governmental function, a claim of negligence can only be maintained if the municipality owed a special duty to the plaintiff. *Ferreira v. City of Binghamton*, 38 NY3d 298 (2022); *see, Maldovan v. County of Erie*, 39 NY3d 166 (2022); *Kulon v. Liberty Fire Dist.*, 212 AD3d 1033 (3rd Dept. 2023). "A special duty is one

---

[2] Although not specifically addressed by the Town, and not crucial in the Court's determination, a shorter statute of limitation might arguably apply. Town Law § 267-c(1) states that "[a]ny person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the town, may apply to the supreme court for review by a proceeding under article seventy-eight of the civil practice law and rules. Such proceeding shall be instituted within thirty days after the filing of a decision of the board in the office of the town clerk." Here, since the action was not commenced within even the 4-month timeframe, it also was not commenced within the timeframe listed in Town Law § 267-c(1). Similarly, Town Law § 274-a (11) provides for a 30-day limitations period for challenging a decision (by an Article 78 proceeding) of a Planning Board or an officer, department or board of a town.

7

that is more than that owed the public generally. This doctrine was developed to rationally limit the class of citizens to whom the municipality owes a duty of protection. Thus, the existence of a special duty is an element that is essential to plaintiff's negligence cause of action" *Kulon*, 212 AD3d at 1035 (internal quotation marks and citations omitted). Florance's Complaint does not even allege a special duty or a breach or any special duty. Therefore, it fails to state a cause of action for negligence against the Town.

To summarize, the Court concludes that this action should have been commenced as an Article 78 proceeding to challenge the determination of the Planning Board. While the Court does have discretion to convert a plenary action into an Article 78 proceeding, that option is not available here because it would be beyond the 4-month statute of limitations, or even the applicable statute of limitations for the specific tort action. In addition, Plaintiff has not alleged a special duty owed to the Plaintiff by the Town.

The Town has also raised defenses related to the Plaintiff's failure to state a claim for an alleged conflict of interest involving the Town attorney, and for Plaintiff's failure to file a timely notice of claim. Due to the Court's conclusions that the case is time barred, there is no need to consider those additional arguments.

Plaintiff's proposed Amended Complaint fares no better. The statute of limitations still precludes an Article 78 claim or any claim with a three-year statute of limitations, so amending the Complaint would not alter the Court's discussion above concerning the time bar for an Article 78 claim or a negligence claim. However, Plaintiff's proposed amendments also seek to add causes of action for ongoing trespass, as well as private and public nuisance. Since the offenses are ongoing, Plaintiff claims they have continued to accrue and would not be barred by the statute of limitations.

When considering amendments, "[p]ursuant to CPLR 3025 (b), a party may amend its pleadings 'at any time by leave of [the] court,' which 'shall be freely given upon such terms as may be just'" *NYAHSA Servs., Inc. Self-Ins. Trust v. People Care Inc.*, 156 AD3d 99, 102 (3rd Dept. 2017), *quoting Kimso Apts., LLC v. Gandhi*, 24 NY3d 403, 411 (2014); *Walden v. Varricchio*, 195 AD3d 1111 (3rd Dept. 2021). "When leave is sought to amend a pleading, 'the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'"

8

*Lakeview Outlets Inc. v. Town of Malta*, 166 AD3d 1445, 1446 (3rd Dept. 2018), *quoting Belair Care Ctr., Inc. v. Cool Insuring Agency, Inc.*, 161 AD3d 1263, 1265-1266 (3rd Dept. 2018); *Passeri v. Brody*, 199 AD3d 1260, 1261 (3rd Dept. 2021); *Gulfstream Anesthesia Consultants, P.A. v. Cortland Regional Med. Ctr., Inc.*, 165 AD3d 1430 (3rd Dept. 2018); *NYAHSA Servs., Inc., Self-Ins. Trust v. People Care Inc.*, 156 AD3d at 102. "Prejudice is more than the mere exposure of the party to greater liability [and] [r]ather, there must be some indication that the party has been hindered in the preparation of the party's case or has been prevented from taking some measure in support of its position. The burden of establishing prejudice is on the party opposing the amendment" *Kimso Apts., LLC v. Gandhi*, 24 NY3d at 411 (internal quotation marks, brackets, citations and end citations omitted); *Tardi v. Casler-Bladek*, 216 AD3d 1267 (3rd Dept. 2023); *Lilley v. Greene Cent. Sch. Dist.*, 187 AD3d 1384 (3rd Dept. 2020); *see, Verdi v. SP Irving Owner, LLC*, 227 AD3d 932 (2nd Dept. 2024); *Lakeview Outlets Inc. v. Town of Malta*, 166 AD3d 1445. "The decision to grant leave to amend a complaint is within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion" *Place v. Preferred Mut. Ins. Co.*, 190 AD3d 1208, 1212 (3rd Dept. 2021) (internal quotation marks and citations omitted); *Walden v. Varricchio*, 195 AD3d at 1112-1113; *Green Tree Servicing, LLC v. Feller*, 159 AD3d 1246 (3rd Dept. 2018); *Cowsert v. Macy's E., Inc.*, 74 AD3d 1444 (3rd Dept. 2010) *Gersten-Hillman Agency v. Heyman*, 68 AD3d 1284 (3rd Dept. 2009).

In addition to the consideration of delay or prejudice, a proposed amendment must also have some basic validity, in order to avoid a waste of judicial resources. For example, if a claim is utterly refuted by documentary evidence [*41 N. 73 W., Inc. v. Westair Aviation Servs., LLC*, 77 AD3d 707 (2nd Dept. 2010)] or is otherwise facially defective [*see e.g., Kalivia Food Corp. v. Hunts Point Coop. Mkt.*, 244 AD2d 460 (2nd Dept. 1997)], it would be pointless to permit an amendment. Similarly, if a proposed amendment would be barred by the statute of limitations, it is "palpably insufficient or patently devoid of merit." *Belair Care Ctr., Inc. v. Cool Insuring Agency, Inc.*, 161 AD3d at 1266.

Plaintiff's proposed Amended Complaint seeks to add a claim for trespass. "[T]he elements of a trespass cause of action are an intentional entry onto the land of another without permission" *Ivory v. International Bus. Machines Corp.*, 116 AD3d 121, 129 (3rd Dept. 2014) (claim for vapor intrusion from soil contamination to residential homes). Florance seeks to add a cause of action based on the interference the solar development has had on his use and

9

enjoyment of his property, and he claims that such an encroachment constitutes an ongoing trespass.

Initially, the Court notes that intangible intrusions are generally categorized as nuisances, rather than trespasses. *Del Vecchio v. Gangi*, 225 AD3d 667, 669 (2nd Dept. 2024) ("Generally, intangible intrusions, such as by noise, odor, or light alone, are treated as nuisances, not trespass because they interfere with nearby property owners' use and enjoyment of their land, not with their exclusive possession of it") (internal quotation marks and end citation omitted); *see, Ivory v. International Bus. Machines Corp.*, 116 AD3d 121. Regardless of that potential misnomer or mischaracterization, even if the Court considers this under a trespass theory, Plaintiff has not set forth a viable cause of action because "a municipality cannot be liable for trespass based on its regulation of land use unless it also was affirmatively involved in an approved project" *City of Albany v. Normanskill Cr., LLC*, 165 AD3d 1437, 1439 (3rd Dept. 2018). There are no allegations in the proposed Amended Complaint that the Town's actions implicate anything other than its land use authority; there are no allegation such as an ownership interest, financial interest or any other connection with the solar farm. Therefore, the Court concludes that a claim against the Town for trespass is palpably insufficient.

Plaintiff also seeks to add claims for private and public nuisance. "The elements of a private nuisance cause of action are an interference (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" *DelVecchio v. Collins,* 178 AD3d 1336, 1337 (3rd Dept. 2019), *quoting, Broxmeyer v. United Capital Corp.*, 79 AD3d 780, 782 (2nd Dept. 2010); *Burdick v. Tonoga, Inc.*, 191 AD3d 1220 (3rd Dept. 2021). Here, there are no allegations in the Amended Complaint that touch on the Town's intent. Therefore, any claim for a private nuisance is palpably insufficient.

Turning to the next possibility, "[a] public nuisance consists of 'conduct or omissions which offend, interfere with or cause damage to the public in the exercise of rights common to all, in a manner such as to offend public morals, interfere with use by the public of a public place or endanger or injure the property, health, safety or comfort of a considerable number of persons'" *Duffy v. Baldwin*, 183 AD3d at 1054-1055, *quoting City of New York v. Smokes-Spirits.Com, Inc.*, 12 NY3d 616, 626 (2009). A private cause of action is only available to a private individual if the person suffered some special injury beyond that of the public at large.

10

*See, 532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 96 NY2d 280 (2001). Plaintiff's proposed amendments do not allege a special injury to Florance and therefore, the claim for any public nuisance is palpably insufficient.

The Court therefore concludes that the motion to amend the Complaint to add causes of action against the Town must be denied. The proposed amendments would be barred by the applicable statutes of limitation, rendering them palpably insufficient, or they fail to allege all necessary elements for the cause of action being claimed.

The Court will next consider the Plaintiff's request to add additional defendants to this case. Currently, the Town is the only Defendant on notice and appearing on this motion, but Plaintiff seeks to add new parties to the action. Since the proposed amendment of the Complaint is being denied due to being palpably insufficient (as being time barred or lacking in necessary allegations), the Court could simply dismiss the Complaint and deny the request to join additional parties. *See, Mees v. Stibbe N.Y.B.V.*, 195 AD3d 569 (1st Sept. 2021); *O'Connell v. Zoning Bd. of Appeals*, 267 AD2d 742 (3rd Dept. 1999). However, the Court will address the rules concerning requests to add additional parties.

A distinction must be made between a motion to amend the Complaint (CPLR 3025) and a motion to add a party (See CPLR §§1001, 1002, 1003). Plaintiff's cross-motion also seeks to add new parties, and he claims it is appropriate under CPLR §1002(b), concerning permissive joinder of parties. Plaintiff argues that the new parties "engaged in conduct ranging from failing to properly apply for a variance, to trespassing on the plaintiff's property and creating a nuisance with the noise levels that were going on and continue to go on day in and day out interrupting plaintiff's quiet enjoyment of his premises" (Plaintiff's Memorandum of Law, NYSCEF Doc. No. 17 at p.3). CPLR § 1002(b) provides that "[p]ersons against whom there is asserted any right to relief jointly, severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences, may be joined in one action as defendants if any common question of law or fact would arise." The proposed new defendants are the operator of the solar farm and the owners of parcels upon which the solar farm was built. Those parties were clearly involved in the transactions upon which the Complaint was based-the approval and development of a solar farm. Thus, they would appear to be included within the

11

terms of CPLR § 1002(b). [3] The statute does not require notice to a party sought to be joined. Siegel & Connors, NY Prac §138 (6th ed 2018). However, it bears noting that the proposed new defendants have not had an opportunity to be heard on the question of joinder, or to brief the issue for the Court.

When any Complaint is filed, a defendant is not generally invited to comment on whether he or she has any objection to being sued. Instead, the action is simply brought against a potential defendant, and after service of the summons and complaint, there is an opportunity for a defendant to make a motion to dismiss, if appropriate. In this case, however, the issue is presented to the Court in the context of Plaintiff's motion to amend the Complaint and to add new parties. Since a Complaint has already been filed, it is appropriate for the Court to assess the validity of any claims against new defendants, and determine if the Plaintiff should be permitted to add additional defendants.

As discussed above, the defects in the proposed Amended Complaint against the Town deal with statute of limitations and failure to state a cause of action for the additional claims. Those arguments would apply equally to any new defendants. Any claim under Article 78 could not be brought against the potential new defendants who are private individuals or businesses.

The Court will consider the claims of negligence, trespass, public nuisance and private nuisance against the proposed new defendants. Ultimately, the Court concludes that those claims are barred by the statute of limitations.

Claims of trespass or nuisance against the proposed new defendants are deficient. With respect to the claim of an ongoing trespass (which could arguably evade the statute of limitations), "the elements of a trespass cause of action are an intentional entry onto the land of another without permission. Regarding intent, the defendant 'must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he or she willfully does, or which he or she does so negligently as to amount to willfulness'" *City of Albany v. Normanskill Cr., LLC*, 165 AD3d at 1439, *quoting Ivory v. International Bus. Machines Corp.*, 116 AD3d at 129. Further, as already

---

[3] The Plaintiff does not provide any explanation as to why those entities were not included in the original Complaint, or address if they were "necessary parties" under CPLR § 1101. The Court makes no determination as to that question and will focus on the issue as framed by the parties; to wit, permissive joinder under CPLR §§ 1002, 1003.

12

mentioned, courts have not allowed trespass claims when the alleged entry was intangible. *See, C & B Enters. USA, LLC v. Koegel*, 136 AD3d 957 (2nd Dept. 2016). The claimed entry here involves obstruction of Plaintiff's view, interference with his ability to watch television and sleep. The Court concludes that these are "intangible entries", not coming within a trespass cause of action. Furthermore, the proposed amendments do not allege an intentional entry onto Plaintiff's land. Therefore, consistent with the discussion above concerning the Town, the claims here do not constitute a trespass. Thus, the amended Complaint is palpably insufficient as to the trespass claim. The Court will next consider the claims for private nuisance and public nuisance.

A private nuisance claim involves "action or inaction that substantially and unreasonably interferes with other people's use and enjoyment of their property" *DelVecchio v. Collins*, 178 AD3d 1336, 1336. "In order to bring a cause of action for private nuisance, a plaintiff must also show that the defendant's interference was intentional. An interference is intentional when the actor (a) acts for the purpose of causing it; or (b) knows that it is resulting or is substantially certain to result from his conduct" *Berenger v. 261 W. LLC*, 93 AD3d 175, 183 (1st Dept. 2012) (internal quotation marks and citations omitted). The proposed Amended Complaint does not contain any allegations as to the intent of the proposed new defendants, nor allegations that the proposed new parties meant to cause an interference or knew (or were substantially certain) that the interference would result. Therefore, the proposed Amended Complaint fails to state a cause of action for private nuisance as to the new parties, thereby making it palpably insufficient.

As to a claim for a public nuisance, Plaintiff's failure to allege special injury is equally applicable to any claims against the new defendants. A private cause of action is only available if the person "suffered special injury beyond that suffered by the community at large" *Duffy v. Baldwin*, 183 AD3d at 1055, *quoting 532 Madison Ave. Gourmet Foods v. Finlandia Ctr.*, 96 NY2d 280, 292. It is conduct that interferes with, or causes damage to, the public, or interferes with use of public places or has deleterious effects on a large number of people. Here, there are no allegations that the interests involved herein involve a public place or public rights, nor are there allegations to establish a special injury that would permit a private person to bring a claim for a public nuisance.

After review of the proposed amendments, the Court finds that the allegations do not set forth grounds or facts that could state valid claims against the proposed new parties.

13

Accordingly, the Court also denies amendment of the Complaint to add any new defendants under CPLR 1002 or CPLR 1003.

## **CONCLUSION**

Based on the foregoing, the Court concludes that Town has shown its entitlement to dismissal of the original Complaint and that the proposed Amended Complaint is palpably insufficient.

Accordingly, it is hereby

ORDERED, that the Town's motion to dismiss the Complaint is GRANTED; and it is further

ORDERED, that Plaintiff's motion to file and serve an Amended Complaint is DENIED.

Any issues raised by the parties and not specifically addressed herein have been found to be without merit.

This constitutes the Decision and Order of this Court.

Dated:       January \_\_\_8\_\_\_, 2026
              Binghamton, New York

                                HON. EUGENE D. FAUGHNAN
                                Supreme Court Justice

[* 14]


The NYSCEF website has received an electronic filing on 01/08/2026 01:32 PM. Please keep this notice as a confirmation of this filing.

### EFCA2025001010
### Mark Florance v. Town of Dickinson
### Assigned Judge: Eugene D. Faughnan

## Documents Received on 01/08/2026 01:32 PM

| Doc # | Document Type |
|---|---|
| 23 | DECISION + ORDER ON MOTION, Motion #1 |

## Filing User

Filed by court user.

## E-mail Notifications

An email regarding this filing has been sent to the following on 01/08/2026 01:32 PM:

**RONALD R BENJAMIN** - ronbenjaminlaw@stny.rr.com
**MARISSA DADA EMBOLA** - membola@sokoloffstern.com
**KIMBERLY HUNT LEE** - klee@sokoloffstern.com

**Joseph A. Mihalko, Broome County Clerk - clerkinfo@co.broome.ny.us**
Phone: Phone: 607.778.2255     Fax: Fax: 607.778.2243     Website: http://www.gobroomecounty.com/clerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1

[* 15]